IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

JOE DEARING MOSBY II,                :
                                     :
        Plaintiff,                   :
                                     :
v.                                   :
                                     :    Civil Action No.
SMITH INDUSTRIAL SERVICES,           :    7:05-CV-115 (HL)
and MEAGHAN MARTINEZ,                :
                                     :
        Defendants.                  :
                                     :
                                     :
                                     :

## ORDER

This Court conducts an initial review of each case.  The initial review ensures that each case has a proper jurisdictional basis.  Proper jurisdiction is important because federal courts only have limited jurisdiction.  <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994); <u>Save the Bay, Inc. v. United States Army</u>, 639 F.2d 1100, 1102 (5th Cir. 1981).[1]  They possess only that power authorized by the United States Constitution and by federal statutes.  <u>Kokkonen</u>, 511 U.S. at 377; <u>Save the Bay</u>, 639 F.2d at 1102.  Therefore, federal courts should constantly examine a case's jurisdictional basis–even on their own initiative if necessary.  <u>Save the Bay</u>, 639 F.2d at 1102 (citing Fed. R. Civ. P. 12(h)(3)); <u>Louisville & Nashville R.R. v. Mottley</u>, 211 U.S. 149 (1908)).

The requirements for diversity of citizenship jurisdiction are set forth in 28 U.S.C. § 1332, which states that federal district courts have original jurisdiction "of all civil actions where the matter

---

[1]The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981).  This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc.  <u>Id.</u>

in controversy exceeds the sum or value of *$75,000*, exclusive of interest and costs,  and  is  between . . . *citizens* of different States."  28 U.S.C.A. § 1332(a)(1) (West 1993 & Supp. 2004) (emphasis added).

Regarding the citizenship requirement, there is no statutory definition of what constitutes a "citizen" for diversity purposes.  15 James Wm. Moore et al., <u>Moore's Federal Practice</u>, § 102.30 (3d ed. 2004) (hereinafter "<u>Moore's</u>") (citing <u>Galva Foundry Co. v. Heiden</u>, 924 F.2d 729, 730 (7th Cir. 1991)).  Federal courts interpret citizenship under § 1332 as requiring a natural person to be a United States citizen and be domiciled in a state.  <u>See, e.g.</u>, <u>Las Vistas Villas, S.A. v. Petersen</u>, 778 F. Supp. 1202, 1204 (M.D. Fla. 1991), <u>aff'd</u>, 13 F.3d 409 (11th Cir. 1994).  Thus, there are two necessary inquiries regarding citizenship for diversity jurisdiction: (1) whether the person is a United States citizen, and (2) whether the person is domiciled in a particular state.  15 <u>Moore's</u>, § 102.30.

Under the first inquiry, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States."  U.S. Const. Amend. XIV, § 1.  Regarding the second inquiry, domicile – synonymous with "state citizenship" in diversity jurisprudence – generally requires two elements: (1) physical presence in a state; and (2) the intent to make the state one's home. <u>Duff v. Beaty</u>, 804 F. Supp. 332, 334 (N.D. Ga. 1992).  A complaint merely alleging residency, as opposed to state citizenship or domicile, is insufficient to invoke diversity jurisdiction.  <u>Id</u>.  <u>See also</u> <u>Held v. Held</u>, 137 F.3d 998, 1000 (7th Cir. 1998) (stating "allegations of residence are insufficient to establish diversity jurisdiction").  Domicile is not always the same as residence, as a person may reside in one place but be domiciled elsewhere.  <u>See</u> <u>Miss. Band of Choctaw Indians v. Holyfield</u>, 490 U.S. 30, 48 (1989).  Therefore, a party must plead citizenship distinctly and affirmatively.  <u>Toms v. Country Quality Meats, Inc.</u>, 610 F.2d 313, 316 (5th Cir. 1980); <u>Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.</u>,

600 F.2d 15, 16 (5th Cir. 1979); see also Duff, 804 F. Supp. at 334.

Here, Plaintiff failed to plead citizenship correctly.  Plaintiff alleged, "Plaintiff, Joe Dearing Mosby II, is a resident of Georgia."  (Compl. ¶ 1.)  He further alleged, "Defendant, Meaghan Martinez, is a resident of Alabama."  (Compl. ¶ 3.)  Allegations regarding residency tell the Court nothing.  In lieu of residency, Plaintiff must allege United States citizenship and identify the states of which the parties are "citizens" or "domiciliaries."  Consequently, Plaintiff must amend his complaint to cure this jurisdictional defect.  If Plaintiff fails to file an amendment correcting these defects within twenty (20) days after this Order is entered on the docket, this case shall be **DISMISSED**.

**SO ORDERED**, this the 8th day of November, 2005.

s/   Hugh Lawson_____
**HUGH LAWSON, Judge**

mls

3