## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| **JOE DEARING MOSBY II,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 7:05-cv-115(HL) |
| | : | |
| **SMITH INDUSTRIAL SERVICES** | : | |
| **and MEAGHAN MARTINEZ,** | : | |
| | : | |
| Defendants. | : | |
| _____ | | |

## ORDER

      Defendants, Smith Industrial Services and Meaghan Martinez, have filed a Motion for More Definite Statement [Doc. 10].  Plaintiff, Joe Dearing Mosby, II, has not responded to the Motion.  In the Motion, Defendants state that Plaintiff has failed to comply with Federal Rule of Civil Procedure 9(g), which requires items of special damage which are claimed to be specifically stated.  Defendants move pursuant to Federal Rule of Civil Procedure 12(e) for a more detailed statement of the items of special damages Plaintiff seeks to recover.

      In Georgia, special damages are defined as "those which actually flow from a tortious act; they must be proved in order to be recovered."  O.C.G.A. § 51-12-2(b) (Lexis 2000). Medical expenses and lost earnings are generally recognized as items of special damages in Georgia.  *See* Eric James Hertz & Mark D. Link, <u>Georgia Law of Damages</u> §§ 3.3 & 3.6 (West 2005).  In this case, which was brought pursuant to diversity jurisdiction, the allegations of the complaint are that Plaintiff sustained serious bodily injury when he was struck by a vehicle owned by Smith Industrial Services and operated by Meaghan Martinez.  Plaintiff claims he

incurred medical expenses for treatment of his injuries in the amount of $11,270.00 (Compl. ¶ 11) and sustained wage loss in excess of $25,000 (Compl. ¶ 13).

Federal Rule of Civil Procedure 12(e) provides, in part, as follows: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). Initially, the Court notes that Defendants have already filed responsive pleadings. (Doc. 6, Answer of Smith Industrial Services, filed 12/21/2005; Doc. 7, Answer of Meaghan Martinez, filed 12/21/2005.) Therefore, the Motion for More Definite Statement is not timely and no purpose would be served by granting the Motion.

Additionally, it is the opinion of the Court that Plaintiff's pleadings are sufficient to satisfy the requirements of Rule 9(g). The United States Court of Appeals for the First Circuit has suggested that Rule 9(g) be liberally construed, finding that the purpose of the Rule is to give notice and adding: "the more natural are the damages, the less pleading is needed." Suarez Matos v. Ashford Presbyterian Cmty. Hosp., 4 F.3d 47, 51-52 (1st Cir. 1993). Similarly, as another court has noted, "The federal courts have regarded the requirements of Rule 9(g) that 'when items of special damage are claimed they shall be specifically stated' as requiring no more than that the categories of damages be set forth." Pension Benefit Guar. Corp. v. Greene, 87 F.R.D. 483, 484 (W.D. Pa.1980) (citing 2A Moore's Federal Practice § 9.08).

Here, Plaintiff has identified his items of special damages as medical expenses and lost wages and given the amount of each. Medical expenses and lost wages are damages which

2

would flow naturally from an injury sustained in a vehicle accident, so that less pleading is needed.  Certainly Plaintiff's pleadings are sufficient to provide Defendants with notice as to the special damages claimed and to enable Defendants to frame responsive pleadings.  If Defendants desire additional information, they may seek out the particulars of Plaintiff's special damages claims by utilizing the discovery process.  Accordingly, the Motion for More Definite Statement [Doc. 10] is denied.

**SO ORDERED**, this the 26th day of January, 2006.


**s/   Hugh Lawson**
**HUGH LAWSON, JUDGE**

mls