UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JOE DEARING MOSBY II, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 7:05-CV-115 |
| | ) | |
| ALLSTAR ELECTRIC and | ) | |
| INDUSTRIAL CONTRACTORS, INC. | ) | |
| and SELECTIVE INSURANCE | ) | |
| COMPANIES | ) | |
| | ) | |
| Intervenor Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DHS, INC. d/b/a SMITH INDUSTRIAL | ) | |
| SERVICES and MEAGAN | ) | |
| MARTINEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pursuant to Rule 24 of the Federal Rules of Civil Procedure and O.C.G.A. §
34-9-11.1, the applicants for intervention, ALLSTAR ELECTRIC and
INDUSTRIAL CONTRACTORS, INC. and SELECTIVE INSURANCE
COMPANIES, moved this Court for leave to intervene into this personal injury
accident as party Plaintiffs. This lawsuit arises from an accident that occurred on or
about August 19, 2004, when the Plaintiff, Joe D. Mosby, was injured during the

course and scope of his employment. As a result of this incident, the Plaintiff sustained personal injuries, medical expenses, and a loss of income.

ALLSTAR ELECTRIC and INDUSTRIAL CONTRACTORS, INC. and SELECTIVE INSURANCE COMPANIES alleges that the Plaintiff, Joe D. Mosby II, has received compensation under the Workers' Compensation Act, O.C.G.A. § 34-9-1 et seq., and now seeks to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure, claiming a subrogation lien against Joe D. Mosby's tort recovery in the amount of the workers' compensation benefits paid.

Rule 24(a) of the Federal Rules of Civil Procedure provides for intervention as a matter of right when the applicant claims an interest in the subject matter of the action which may be affected. Rule 24(b) provides for permissive intervention when an applicant's claim and the main action have common questions of law or fact. Additionally, O.C.G.A. §34-9-11.1 provides an employer and insurer the statutory right to intervene in an action and protect and enforce their lien for workers' compensation benefits against a third party tortfeasors who may be liable for an employee's injury.

Upon review of the record and under the authority of Rule 24 of the Federal Rules of Civil Procedure and O.C.G.A. §34-9-11.1,   this Court finds that ALLSTAR ELECTRIC and INDUSTRIAL CONTRACTORS, INC. and SELECTIVE INSURANCE COMPANIES has a subrogation lien against the

Plaintiff's recovery from the alleged third party tortfeasor and has a right to intervene in order to protect and enforce its lien. Accordingly, pursuant to Rule 24 of the Federal Rules of Civil Procedure and O.C.G.A. §34-9-11.1, this Court grants ALLSTAR ELECTRIC and INDUSTRIAL CONTRACTORS, INC. and SELECTIVE INSURANCE COMPANIES' Motion to Intervene in this action as a party Plaintiff.

This  18th day of June , 2006.

**S/   Hugh Lawson**
_____
**Hugh Lawson, JUDGE**
United District District Court
Middle District of Georgia
Valdosta Division

Prepared by:


  /s/ Christopher A. Whitlock
CHRISTOPHER A. WHITLOCK
State Bar No.: 756120


**CARLOCK, COPELAND, SEMLER**
   **& STAIR, LLP**
2600 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, Georgia 30303
404-522-8220
   -------
P. O. Box 56887
Atlanta, GA 30343-0887

1981788v.1